MATT KLINE (S.B. #211640)
mkline@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
Phone: (310) 553-6700
Fax: (310) 246-6779

BRITTANY ROGERS (S.B. #274432)
brogers@omm.com
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Phone: (213) 430-6000
Fax: (213) 430-6407

O'MELVENY & MYERS LLP
Attorneys for Defendant
California Resources Production Corporation

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, THE WILDERNESS SOCIETY, FRIENDS OF THE EARTH, AND NATURAL RESOURCES DEFENSE COUNCIL,<br><br>               Plaintiffs,<br><br>     v.<br><br>U.S. BUREAU OF LAND MANAGEMENT; DEBRA HAALAND, in her capacity as Secretary of the U.S. Department of the Interior; KAREN MOURITSEN, in her capacity as California State Director of the U.S. Bureau of Land Management; GABRIEL GARCIA, in his capacity as the Field Manager of the U.S. Bureau of Land Management; JOHN HODGE, in his capacity as the Assistant Field Manager of Minerals of the U.S. Bureau of Land Management; and CALIFORNIA RESOURCES PRODUCTION CORPORATION dba CALIFORNIA RESOURCE PRODUCTION CORPORATION,<br><br>               Defendants. | Case No. 1:23-cv-00938-JLT-CDB<br><br>**ANSWER TO COMPLAINT**<br><br>Judge: Hon. Jennifer L. Thurston |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **INTRODUCTION**

Defendant California Resources Production Corporation (the "Defendant") for itself and not for any other named or unnamed party, answer Plaintiffs Center for Biological Diversity, et al.'s ("Plaintiffs") Complaint for Declaratory and Injunctive Relief ("Complaint") as follows.  All allegations contained in headings, footnotes, or otherwise outside the numbered paragraphs, do not require a response and are denied to the extent they require a response.

1.    Defendant responds that Paragraph 1 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 1.  To the extent the allegations are about the U.S. Bureau of Land Management's ("BLM's") knowledge or intentions, about which Defendant lacks sufficient information to admit or deny, Defendant denies the allegations.

2.    Defendant responds that Paragraph 2 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 2.

3.    Defendant denies the allegations in Paragraph 3.

4.    Defendant responds that Paragraph 4 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 4, except that the Clean Air Act ("CAA") and National Environmental Policy Act ("NEPA") speak for themselves.

5.    Defendant responds that Paragraph 5 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 5, except that the CAA speaks for itself.  To the extent the allegations are about the U.S. Environmental Protection Agency ("EPA") or BLM's knowledge or intentions, about which Defendant lacks sufficient information to admit or deny, Defendant denies the allegations.

ANSWER TO COMPLAINT
Case No. 1:23-cv-00938-JLT-CDB

6.    Defendant responds that Paragraph 6 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 6, except that NEPA speaks for itself.  To the extent the allegations are about BLM's knowledge or intentions, about which Defendant lacks sufficient information to admit or deny, Defendant denies the allegations.

7.    Defendant responds that Paragraph 7 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant responds that the CAA, NEPA, Federal Land Policy and Management Act ("FLPMA"), and the Mineral Leasing Act ("MLA") speak for themselves.  To the extent the allegations are about BLM's knowledge or intentions, or Plaintiffs' interactions with BLM, about which Defendant lacks sufficient information to admit or deny, Defendant denies the allegations.

8.    Defendant responds that Paragraph 8 states a legal conclusion to which no response is required, except Defendant admits that on May 31, 2023, BLM approved with conditions six Applications for Permit to Drill wells located in the San Joaquin Valley.  To the extent a response to the remainder of the paragraph is required, Defendant denies the allegations in Paragraph 8.

9.    Defendant responds that Paragraph 9 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 9.

**JURISDICTION AND VENUE**

10.    Defendant responds that Paragraph 10 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 10.

11.    Defendant responds that Paragraph 11 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 11.

12.    Defendant responds that Paragraph 12 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations

ANSWER TO COMPLAINT
Case No. 1:23-cv-00938-JLT-CDB

in Paragraph 12, except that Defendant admits that officers of the United States are named defendants in their official capacities.

13.    Defendant responds that Paragraph 13 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 13.

## PARTIES

14.    Defendant lacks sufficient information to admit or deny, and therefore denies the allegations in Paragraph 14.

15.    Defendant lacks sufficient information to admit or deny, and therefore denies the allegations in Paragraph 15.

16.    Defendant lacks sufficient information to admit or deny, and therefore denies the allegations in Paragraph 16.

17.    Defendant denies the allegations in the last sentence of Paragraph 17. Defendant lacks sufficient information to admit or deny, and therefore denies the remaining allegations in Paragraph 17.

18.    Defendant lacks sufficient information to admit or deny, and therefore denies the allegations in the first sentence of Paragraph 18.  Defendant denies the allegations in the second and third sentences of Paragraph 18.

19.    Defendant denies the allegations in Paragraph 19.

20.    Defendant responds that Paragraph 20 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny, and therefore denies the allegations in Paragraph 20.

21.    Defendant responds that Paragraph 21 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 21.

22.    Defendant admits the allegations in Paragraph 22.

23.    Defendant admits that Debra Haaland is sued in her official capacity as the Secretary of the United States Department of the Interior.  Otherwise, Defendant lacks

ANSWER TO COMPLAINT
Case No. 1:23-cv-00938-JLT-CDB

sufficient information to admit or deny, and therefore denies the allegations in Paragraph 23.

24.    Defendant admits that Karen Mouritsen is sued in her official capacity as the State Director of BLM in California.  Otherwise, Defendant lacks sufficient information to admit or deny, and therefore denies the allegations in Paragraph 24.

25.    Defendant admits that Gabriel Garcia is sued in his official capacity as the BLM Bakersfield Field Manager.  Otherwise, Defendant lacks sufficient information to admit or deny, and therefore denies the allegations in Paragraph 25.

26.    Defendant admits that John Hodge is sued in his official capacity as the BLM Bakersfield Assistant Field Manager for Mineral.  Otherwise, Defendant lacks sufficient information to admit or deny, and therefore denies the allegations in Paragraph 26.

27.    Defendant responds that the correct name of the referenced entity is California Resources Production Corporation, which is a Delaware Corporation registered to do business in California with the California Secretary of State; Defendant further responds that the permits referenced in Paragraph 27 speak for themselves.  Otherwise, Defendant denies the allegations in Paragraph 27.

28.    Defendant responds that the correct name of the referenced entity is California Resources Production Corporation, which is a Delaware Corporation registered to do business in California with the California Secretary of State; Defendant further responds that the permits referenced in Paragraph 28 speak for themselves.  Otherwise, Defendant denies the allegations in Paragraph 28.

29.    Defendant responds that Paragraph 29 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 29.

**STATUTORY BACKGROUND**

**I.    Clean Air Act**

30.    Defendant responds that Paragraph 30 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations

1    in Paragraph 30, except that the CAA speaks for itself.

2        31.    Defendant responds that Paragraph 31 states a legal conclusion to which no

3    response is required.  To the extent a response is required, Defendant denies the allegations

4    in Paragraph 31, except that the CAA speaks for itself.

5        32.    Defendant responds that Paragraph 32 states a legal conclusion to which no

6    response is required.  To the extent a response is required, Defendant denies the allegations

7    in Paragraph 32, except that the CAA speaks for itself.

8        33.    Defendant responds that Paragraph 33 states a legal conclusion to which no

9    response is required.  To the extent a response is required, Defendant denies the allegations

10   in Paragraph 33, except that 40 C.F.R. § 93.153(b) speaks for itself.

11       34.    Defendant responds that Paragraph 34 states a legal conclusion to which no

12   response is required.  To the extent a response is required, Defendant denies the allegations

13   in Paragraph 34, except that 40 C.F.R. § 93.152 speaks for itself.

14       35.    Defendant responds that Paragraph 35 states a legal conclusion to which no

15   response is required.  To the extent a response is required, Defendant denies the allegations

16   in Paragraph 35, except Defendant admits that the General Conformity Training Module

17   speaks for itself.

18       36.    Defendant responds that Paragraph 36 states a legal conclusion to which no

19   response is required.  To the extent a response is required, Defendant denies the allegations

20   in Paragraph 36, except Defendant admits that the General Conformity Training Module

21   speaks for itself.

22       37.    Defendant responds that Paragraph 37 states a legal conclusion to which no

23   response is required.  To the extent a response is required, Defendant denies the allegations

24   in Paragraph 37, except Defendant admits that the General Conformity Training Module

25   and 40 C.F.R. § 93.153(d)(1) speak for themselves.

26   **II.    National Environment Policy Act**

27       38.    Defendant responds that Paragraph 38 states a legal conclusion to which no

28   response is required.  To the extent a response is required, Defendant denies the allegations

ANSWER TO COMPLAINT
Case No. 1:23-cv-00938-JLT-CDB

in Paragraph 38, except Defendant admits that *Ctr. for Biological Diversity v. U.S. Forest Serv.*, 349 F.3d 1157, 1166 (9th Cir. 2003), NEPA, and the Fiscal Responsibility Act ("FRA") speak for themselves.

39.    Defendant responds that Paragraph 39 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 39, except that NEPA speaks for itself.

40.    Defendant responds that Paragraph 40 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 40, except that NEPA and *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 349 (1989) speak for themselves.

41.    Defendant responds that Paragraph 41 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 41, except that 40 C.F.R. § 1508.1(g)(3) speaks for itself.

42.    Defendant responds that Paragraph 42 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 42, except that 42 U.S.C. §§ 4332(C)(iii), (E) speak for themselves.

43.    Defendant responds that Paragraph 43 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 43, *Neighbors of Cuddy Mountain v. U.S. Forest Serv.*, 137 F.3d 1372, 1380 (9th Cir. 1998) speaks for itself.

44.    Defendant responds that Paragraph 44 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 44, except that 42 U.S.C. § 4332(C) speaks for itself.

45.    Defendant responds that Paragraph 45 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 45, except that 40 C.F.R. § 1501.5, 40 C.F.R. § 1501.6(a), *Ctr. for Biological Diversity v. Nat'l Highway Traffic Safety Admin.*, 538 F.3d 1172, 1185 (9th Cir. 2008), and *Anderson v. Evans*, 371 F.3d 475, 488 (9th Cir. 2004) speak for themselves.

ANSWER TO COMPLAINT
Case No. 1:23-cv-00938-JLT-CDB

46.     Defendant responds that Paragraph 46 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 46, except that NEPA and *Kern v. U.S. Bureau of Land Mgmt.*, 284 F.3d 1062, 1072 (9th Cir. 2002) speak for themselves.

47.     Defendant responds that Paragraph 47 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 47, except that *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 349 (1989) and 40 C.F.R. § 1506.6(b) speak for themselves.

**III.      Federal**

48.     Defendant responds that Paragraph 48 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits the allegations in Paragraph 48.

49.     Defendant responds that Paragraph 49 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 49, except that 43 U.S.C. § 1701(a)(8), § 1702(c), and § 1732(b) speak for themselves.

50.     Defendant responds that Paragraph 50 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 50, except that 43 U.S.C. § 1712(c)(8) and 43 C.F.R. § 2920.7(b)(3) speak for themselves.

51.     Defendant responds that Paragraph 51 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 51, except that 43 U.S.C. § 1739(e) speaks for itself.

**IV.      The Mineral Leasing Act**

52.     Defendant responds that Paragraph 52 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 52, except that 30 U.S.C. § 187 speaks for itself.

ANSWER TO COMPLAINT
Case No. 1:23-cv-00938-JLT-CDB

53.     Defendant responds that Paragraph 53 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 53, except that 30 U.S.C. § 226(f) speaks for itself.

## V.      Freedom of Information Act

54.     Defendant responds that Paragraph 54 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 54, except that the Freedom of Information Act speaks for itself.

55.     Defendant responds that Paragraph 55 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 55, except that 5 U.S.C. §§ 552 (a)(6)(A)(i) and (a)(3)(C)—(D) speak for themselves.

56.     Defendant responds that Paragraph 56 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 56, except that 5 U.S.C. §§ 552(a)(6)(C)(i) and (a)(4)(B) speak for themselves.

57.     Defendant responds that Paragraph 57 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 57, except that the Environmental Protection Agency's General Conformity Guidelines speak for themselves.

58.     Defendant responds that Paragraph 58 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 58, except that  5 U.S.C. §§ 552(a)(6)(C)(i) and (a)(4)(B) speak for themselves.

59.     Defendant responds that Paragraph 59 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 59, except that 5 U.S.C. § 552(a)(4)(B) speaks for itself.

## VI.     Administrative Procedure Act

60.     Defendant responds that Paragraph 60 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 60, except that 5 U.S.C. § 702 and § 704 speak for themselves.

ANSWER TO COMPLAINT
Case No. 1:23-cv-00938-JLT-CDB

61. Defendant responds that Paragraph 61 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 61, except that 5 U.S.C. § 706(2)(A) and § 706(2)(B)—(F) speak for themselves.

**FACTUAL BACKGROUND**

**I.    The San Joaquin Valley and the Environment Impacts of Oil Drilling**

62. Defendant lacks sufficient information to admit or deny, and therefore denies the allegations in Paragraph 62.

63. Defendant lacks sufficient information to admit or deny, and therefore denies the allegations in Paragraph 63.

64. Defendant responds that Paragraph 64 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 64, except that the CAA speaks for itself.

65. Defendant lacks sufficient information to admit or deny, and therefore denies the allegations in Paragraph 65, except that the Environmental Assessment for California Resource Production Corporation Mount Poso and permit applications speak for themselves.

66. Defendant lacks sufficient information to admit or deny, and therefore denies the allegations in Paragraph 66.

67. Defendant lacks sufficient information to admit or deny, and therefore denies the allegations in Paragraph 67.

68. Defendant responds that Paragraph 68 states a legal conclusion to which no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny, and therefore denies the allegations in Paragraph 68.

69. Defendant denies the allegations in Paragraph 69.

70. Defendant lacks sufficient information to admit or deny, and therefore denies the allegations in the first sentence of Paragraph 70. Defendant denies the allegations in the second sentence of Paragraph 70

ANSWER TO COMPLAINT
Case No. 1:23-cv-00938-JLT-CDB

71.      Defendant lacks sufficient information to admit or deny, and therefore denies the allegations in Paragraph 71.

72.      Defendant lacks sufficient information to admit or deny, and therefore denies the allegations in Paragraph 72.

73.      Defendant denies the allegations in Paragraph 73, except that the referenced statement by the American Lung Association and the EPA's National-Scale Air Toxics Assessment speak for themselves.

74.      Defendant lacks sufficient information to admit or deny, and therefore denies the allegations in Paragraph 74.

75.      Defendant lacks sufficient information to admit or deny, and therefore denies.

76.      Defendant lacks sufficient information to admit or deny, and therefore denies, except Defendant admits that in 2019, the California Department of Water Resources designated the San Joaquin Valley – Kern County Subbasin (among others) as critically overdrafted.

77.      Defendant lacks sufficient information to admit or deny, and therefore denies.

78.      Defendant denies the allegations in Paragraph 78, except Defendant admits that in 2019, the California Department of Water Resources designated the San Joaquin Valley – Kern County Subbasin (among others) as critically overdrafted.

79.      Defendant denies the allegations in Paragraph 79.

80.      Defendant lacks sufficient information to admit or deny, and therefore denies the allegations in the second sentence of Paragraph 80.  Otherwise, Defendant denies the allegations in Paragraph 80.

81.      Defendant denies the allegations in Paragraph 81.

82.      Defendant lacks sufficient information to admit or deny, and therefore denies the allegations in Paragraph 82.

83.      Defendant denies the allegations in Paragraph 83.

84.      Defendant denies the allegations in Paragraph 84.

ANSWER TO COMPLAINT
Case No. 1:23-cv-00938-JLT-CDB

## II.        The Process of Oil and Gas Permitting on Public Land

85.        Defendant responds that Paragraph 85 states a legal conclusion to which no response is required.   To the extent a response is required, Defendant lacks sufficient information to admit or deny, and therefore denies the allegations in Paragraph 85.

86.        Defendant responds that Paragraph 86 states a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations in Paragraph 86, except that 43 U.S.C. § 1712(a) and *N.M. ex rel. Richardson v. Bureau of Land Mgmt.*, 565 F.3d 683, 689 n.1 (l0th Cir. 2009) speak for themselves.

87.        Defendant responds that Paragraph 87 states a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations in Paragraph 87.

88.        Defendant responds that Paragraph 88 states a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations in Paragraph 88, except 43 C.F.R. §§ 3120.1-1(e), 43 U.S.C. § 1712(e); 43 C.F.R. § 1610.5-3(a); and 43 C.F.R. Part 3120.1 *et seq*. speak for themselves.

89.        Defendant responds that Paragraph 89 states a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations in Paragraph 89, except 43 C.F.R. § 3162.3-1(c) speaks for itself.

90.        Defendant responds that Paragraph 90 states a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations in Paragraph 90.

## PROCEDURAL BACKGROUND

### I.   Plaintiffs' Ongoing Challenge to BLM's Resource Management Plan and Lease Sale

91.        Defendant lacks sufficient information to admit or deny, and therefore denies.

92.        Defendant responds that Paragraph 92 states a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations in Paragraph 92, except the Bakersfield resource management plan, NEPA, and

ANSWER TO COMPLAINT
Case No. 1:23-cv-00938-JLT-CDB

*ForestWatch v. U.S. Bureau of Land Mgmt.*, No. CV-15-4378-MWF, 2016 WL 5172009, at *11-12 (C.D. Cal. Sept. 6, 2016) speak for themselves.

93.    Defendant lacks sufficient information to admit or deny, and therefore denies, except that the April 26, 2019 draft supplemental environment impact statement ("SEIS") speaks for itself.

94.    Defendant lacks sufficient information to admit or deny, and therefore denies the allegations in Paragraph 94, except that the April 26, 2019 draft SEIS speaks for itself.

95.    Defendant lacks sufficient information to admit or deny, and therefore denies.

96.    Defendant responds that Paragraph 96 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 96.

97.    Defendant lacks sufficient information to admit or deny, and therefore denies, except that *Ctr. For Biological Diversity v. U.S. Bureau of Land Mgmt.*, No. 2:20-CV-00371 DSF (C.D. Cal., filed Jan. 14, 2020) speaks for itself.

98.    Defendant responds that Paragraph 98 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny, and therefore denies, except that *Ctr. for Biological Diversity v. U.S. Bureau of Land Mgmt.*, No. 1:21-cv-00475-DAD-SAB (E.D. Cal., filed March 22, 2021) speaks for itself.

99.    Defendant responds that Paragraph 98 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny, and therefore denies the allegations in Paragraph 99.

100.    Defendant lacks sufficient information to admit or deny, and therefore denies the allegations in Paragraph 100.

## II.    FOIA Requests

101.    Defendant lacks sufficient information to admit or deny, and therefore denies the allegations in Paragraph 101.

102.    Defendant lacks sufficient information to admit or deny, and therefore denies the allegations in Paragraph 102.

103.    Defendant lacks sufficient information to admit or deny, and therefore denies the allegations in Paragraph 103.

**III.    The Drilling Permits in Issue**

104.    Defendant denies that a "vacuum of adequate environmental review" exists. Otherwise, Defendant lacks sufficient information to admit or deny, and therefore denies the allegations in Paragraph 104.

105.    Defendant admits that on July 15, 2022, California Resources Production Corporation submitted six Applications for Permits to Drill wells in Kern County. Otherwise, Defendant denies the allegations

106.    Defendant admits the allegations in Paragraph 106.

107.    Defendant denies the allegations in Paragraph 107, except that 30 U.S.C. § 226(f) speaks for itself.

108.    Defendant lacks sufficient information to admit or deny, and therefore denies the allegations in Paragraph 108.

109.    Defendant lacks sufficient information to admit or deny, and therefore denies the allegations in Paragraph 109.

110.    Defendant lacks sufficient information to admit or deny, and therefore denies the allegations in Paragraph 110.

111.    Defendant lacks sufficient information to admit or deny, and therefore denies the allegations in Paragraph 111.

112.    Defendant lacks sufficient information to admit or deny, and therefore denies the allegations in Paragraph 112.

113.    Defendant lacks sufficient information to admit or deny, and therefore denies the allegations in Paragraph 113.

114.    Defendant lacks sufficient information to admit or deny, and therefore denies the allegations in Paragraph 114.

115.    Defendant lacks sufficient information to admit or deny, and therefore denies the allegations in Paragraph 115, except that Defendant admits that BLM issued "Approval with Conditions" to develop six wells at Mount Poso on May 31, 2023.

116.    Defendant admits that BLM released its environmental assessment ("EA") and Decision Record approving the permits with conditions on May 31, 2023.

117.    Defendant denies the allegations in Paragraph 117, except that Defendant admits that the EA speaks for itself.

118.    Defendant denies the allegations in Paragraph 118, except that Defendant admits that the EA speaks for itself.

119.    Defendant denies the allegations in Paragraph 119, except that Defendant admits that the EA speaks for itself.

120.    Defendant denies the allegations in Paragraph 120, except that Defendant admits that the EA speaks for itself.

121.    Defendant denies the allegations in Paragraph 121, except that Defendant admits that the EA speaks for itself.

122.    Defendant denies the allegations in Paragraph 122, except that Defendant admits that the EA speaks for itself.

123.    Defendant responds that Paragraph 124 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 123, except that Defendant admits that the EA and 40 C.F.R. § 1502.14(a) speaks for themselves.

124.    Defendant responds that Paragraph 124 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 124.

125.    Defendant lacks sufficient information to admit or deny, and therefore denies.

ANSWER TO COMPLAINT
Case No. 1:23-cv-00938-JLT-CDB

**FIRST CLAIM FOR RELIEF**

**Violation of the Clean Air Act**

**(On Behalf of All Plaintiffs)**

126.    Defendant responds that Paragraph 126 incorporates previous paragraphs, and therefore requires no response.   To the extent a response is required, Defendant incorporates its responses to Paragraphs 1 through 125 as if fully set forth herein.

127.    Defendant responds that Paragraph 127 states a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations in Paragraph 127.

128.    Defendant responds that Paragraph 128 states a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations in Paragraph 128, except that 42 U.S.C. § 7506(c)(1), 40 C.F.R. § 93.153(b), 43 U.S.C. § 1712(c)(8), and 43 C.F.R. § 2920.7(b)(3) speak for themselves.

**SECOND CLAIM FOR RELIEF**

**Violation of NEPA Public Participation Requirements**

**(On Behalf of All Plaintiffs)**

129.    Defendant responds that Paragraph 129 incorporates previous paragraphs, and therefore requires no response.   To the extent a response is required, Defendant incorporates its responses to Paragraphs 1 through 128 as if fully set forth herein.

130.    Defendant responds that Paragraph 130 states a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations in Paragraph 130, except that *Robertson v. Methow Valley Citizens Council and Bering Strait Citizens for Responsible Res. Dev. v. U.S. Army Corps of Eng'rs.* speak for themselves.

131.    Defendant responds that Paragraph 131 states a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations in Paragraph 131.

ANSWER TO COMPLAINT
Case No. 1:23-cv-00938-JLT-CDB

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRD CLAIM FOR RELIEF**

**Violation of NEPA: Failure to Take a Hard Look at Project Environmental Impacts**

**(On Behalf of All Plaintiffs)**

132.    Defendant responds that Paragraph 132 incorporates previous paragraphs, and therefore requires no response.  To the extent a response is required, Defendant incorporates its responses to Paragraphs 1 through 131 as if fully set forth herein.

133.    Defendant responds that Paragraph 133 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 133, except that *Robertson v. Methow Valley Citizens Council*, 42 U.S.C. § 4332(2)(C), and 40 C.F.R. § 1508.1 speak for themselves.

134.    Defendant responds that Paragraph 134 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 134.

135.    Defendant responds that Paragraph 135 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 135.

**FOURTH CLAIM FOR RELIEF**

**Violation of NEPA: Failure to Consider Reasonable Alternatives**

**(On Behalf of All Plaintiffs)**

136.    Defendant responds that Paragraph 136 incorporates previous paragraphs, and therefore requires no response.  To the extent a response is required, Defendant incorporates its responses to Paragraphs 1 through 135 as if fully set forth herein.

137.    Defendant responds that Paragraph 137 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 137, except that 42 U.S.C. § 4332(2)(C)(iii), 40 C.F.R. § 1502.14, and 42 U.S.C. § 4332(2)(H) speak for themselves.

ANSWER TO COMPLAINT
Case No. 1:23-cv-00938-JLT-CDB

138.    Defendant responds that Paragraph 138 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 138.

139.    Defendant responds that Paragraph 139 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 139.

## FIFTH CLAIM FOR RELIEF

### Violation of the Mineral Leasing Act

### (On Behalf of All Plaintiffs)

140.    Defendant responds that Paragraph 140 incorporates previous paragraphs, and therefore requires no response.  To the extent a response is required, Defendant incorporates its responses to Paragraphs 1 through 139 as if fully set forth herein.

141.    Defendant responds that Paragraph 141 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 141, except that 30 U.S.C. § 226(f) speaks for itself.

142.    Defendant responds that Paragraph 142 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 142.

## SIXTH CLAIM FOR RELIEF

### Violation of the Federal Land Policy and Management Act

### (On Behalf of All Plaintiffs)

143.    Defendant responds that Paragraph 143 incorporates previous paragraphs, and therefore requires no response.  To the extent a response is required, Defendant incorporates its responses to Paragraphs 1 through 142 as if fully set forth herein.

144.    Defendant responds that Paragraph 144 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 144, except that 43 U.S.C. § 1739(e) speaks for itself.

ANSWER TO COMPLAINT
Case No. 1:23-cv-00938-JLT-CDB

145.    Defendant responds that Paragraph 145 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 145.

### SEVENTH CLAIM FOR RELIEF

### Violation of the Freedom of Information Act

### (On Behalf of Center for Biological Diversity)

146.    Defendant responds that Paragraph 146 incorporates previous paragraphs, and therefore requires no response.  To the extent a response is required, Defendant incorporates its responses to Paragraphs 1 through 145 as if fully set forth herein.

147.    Defendant responds that Paragraph 147 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 147, except that 5 U.S.C. § 552(a)(6)(A)(i)(I) speaks for itself.

148.    Defendant responds that Paragraph 148 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 148, except that 5 U.S.C. § 552(a)(3)(A), (a)(6)(A)(i)(I), and (a)(6)(C)(i) speak for themselves.

149.    Defendant responds that Paragraph 149 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 149.

150.    Defendant responds that Paragraph 150 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 150.

### REQUEST FOR RELIEF

Defendant denies the allegations in Plaintiffs' Request for Relief.  Defendant specifically denies that Plaintiffs are entitled to any relief whatsoever.

### AFFIRMATIVE DEFENSES

As separate and additional defenses to the Complaint and each purported cause of action therein, and without suggesting or conceding that they have any applicable

procedural or evidentiary burdens with respect to such defenses, Defendant alleges the following affirmative defenses to the Complaint.

1.     Defendant alleges that the Complaint, and each claim therein, fails to contain facts sufficient to state a claim upon which relief can be granted.

2.     Defendant alleges that the Complaint, and each claim therein, fails on the basis of mootness.

3.     Defendant alleges that Plaintiffs lack standing to bring the claims asserted in the Complaint.

4.     Defendant alleges that Plaintiffs' claims for relief are barred for failure to exhaust applicable administrative remedies.

5.     Defendant alleges that the Complaint, and each of the claims therein, is not reviewable under the Administrative Procedure Act because Plaintiff fails to challenge a final agency action.

6.     Defendant alleges that Plaintiffs' claims alleged in the Complaint are not ripe.

7.     Defendant alleges that the Complaint, and each of the claims therein, is barred by the doctrine of laches, waiver, estoppel, and other similar equitable doctrines.

8.     Defendant alleges that the Complaint, and each of the claims therein, is barred by one or more statutes of limitation.

9.     Defendant alleges that injunctive relief is not appropriate because Plaintiffs have an adequate remedy at law.

10.     Defendant is informed and believes and on that basis alleges that it may have additional defenses that cannot be articulated at this time.  Defendant therefore reserves the right to assert additional defenses upon further particularization of Plaintiffs' claims, upon examination of the documents provided, upon discovery of further information concerning the alleged claims and upon the development of other pertinent information.

ANSWER TO COMPLAINT
Case No. 1:23-cv-00938-JLT-CDB

1                                          *       *       *

2  **WHEREFORE**, Defendant prays for judgment as follows:

3       1.      That this Court enter judgment in favor of Defendant and against Plaintiffs

4  on the Complaint; that the Complaint be dismissed with prejudice; and that Plaintiffs take

5  nothing by the Complaint;

6       2.      That Defendant be awarded as appropriate its reasonable fees and expenses,

7  including reasonable attorneys' fees, incurred in connection with this matter; and

8       3.      That the Court grant such other and further relief as it may deem just or

9  proper.

10

11

12       Dated:  August 3, 2023              MATT KLINE
                                              BRITTANY ROGERS
13                                            O'MELVENY & MYERS LLP

14

15                                            By:    _/s/ Brittany Rogers_____
                                                     Brittany Rogers
16                                                   brogers@omm.com

17                                            Attorneys for Defendant
                                              California Resources Production Corporation

18

19

20

21

22

23

24

25

26

27

28

                                              - 20 -                ANSWER TO COMPLAINT
                                                                    Case No. 1:23-cv-00938-JLT-CDB