May 28, 2025

*Via ECF*

**Re: Plaintiffs' and Federal Defendants' Positions on Jurisdictional Discovery in *CBD, et al., v. U.S. BLM, et al.*, No. 1:23-cv-00938-JLT-CDB**

To the Hon. Christopher D. Baker:

During the May 27, 2025, Scheduling Conference, the Court requested that Plaintiffs and Federal Defendants submit a two-page filing after the hearing setting out their positions on jurisdictional discovery. The respective positions are described below:

### I. Plaintiffs' Position

As the Court recognized during the case management conference, this case has already been delayed nearly two years. Plaintiffs strongly oppose Defendants' request to further indefinitely delay the resolution of this case by pursuing standing-related discovery without any reasonable basis to question Plaintiffs' satisfaction of Article III requirements. The case should not be put on hold for Federal Defendants to conduct a fishing expedition that will not affect the outcome. The Court should adopt Plaintiffs' proposed summary judgment briefing schedule, ECF No. 83, and allow parties to brief the merits while the second motion to dismiss proceeds.

District courts enjoy broad discretion to allow or deny jurisdictional discovery. *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). It is not an abuse of discretion to deny jurisdictional discovery if there is not a "reasonable probability that the outcome would have been different had discovery been allowed." *Id.* Moreover, "[c]ourts have often relied upon affidavits to establish standing in citizen suits." *Piney Run Preservation Ass'n v. Cnty. Com'rs of Carroll Cnty.*, 50 F.Supp.2d 443, 446 (D. MD 1999). "Absent evidence . . . [that the] affidavit is not credible . . . a deposition is unnecessary." *Id.* As the party seeking jurisdictional discovery, Defendants bear the burden of "showing that a fact-intensive analysis is required." *Rattlesnake Coal. v. EPA*, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007) (quoting *Laub*, 342 F.3d at 1092).

Plaintiffs here include four organizations, each of which has supported associational and organizational standing through a total of six standing declarations. ECF No. 71-1–71-7. Only one of the four Plaintiffs needs to establish standing to satisfy Article III. *Nat. Res. Def. Council v. EPA*, 526 F.3d 591, 602 (9th Cir. 2008) ("[O]nce the court determines that one of the plaintiffs has standing, it need not decide the standing of the others."). This Court has already found Plaintiffs' declarations "contain credible allegations of respiratory distress as well as harm to the recreational and aesthetic interests of the individual Plaintiffs" sufficient to establish associational standing. ECF No. 70 at 12–13 (citing *Ass'n of Irritated Residents v. EPA*, 10 F.4th 937, 943 (9th Cir. 2021)) (cleaned up). This Court has also found Plaintiffs alleged facts sufficient to establish organizational standing. *Id.*

Any future jurisdictional argument is therefore unlikely to succeed, and should not delay resolution of a case that has already been pending two years. As Defendants are unable to clearly articulate a reason for discovery beyond a mere "hunch that it might yield jurisdictionally relevant facts," their request should be denied. *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). Furthermore, a discovery request would be "unreasonable" and "unduly burdensome or expensive, considering the needs of the case." Fed. R. Civ. P. 26(g)(1)(B). "There is no indication that defendant seeks this [discovery] for any reason other than delaying this Court's decision" on the merits. *Piney Run Preservation Ass'n*, 50 F.Supp.2d at 446 (rejecting jurisdictional discovery on this basis). The Court should set a summary judgment schedule.

II.     **Federal Defendants' Position**

"[B]ecause it implicates jurisdiction, a challenge to constitutional standing is one which [courts] are required to consider" at any stage of a proceeding, "even [if] raised for the first time on appeal." *Laub v. U.S. Dept. of the Interior*, 342 F.3d 1080, 1085 (9th Cir. 2003) (quotation omitted). If the Court denies Federal Defendants' Rule 12 motion, jurisdictional discovery is warranted to allow Federal Defendants to test the veracity of Plaintiffs' standing declarations and any other standing evidence upon which Plaintiffs rely.

Plaintiffs' declarants themselves have acknowledged they may be called as witnesses. *See*, *e.g.*, Dkt. 71-2 at 2 ("I have personal knowledge of the matters stated herein and, if called as a witness, could and would competently testify thereto."). More importantly, the Ninth Circuit and this Court have consistently recognized that depositions may be used to evaluate assertions in standing declarations. *See, e.g.*, *Laub*, 342 F.3d at 1093 (jurisdictional discovery "should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary"); *Siderman de Blake v. Republic of Argentina*, 965 F.2d 699, 713 (9th Cir. 1992) (allowing parties to conduct discovery for "limited purpose of establishing jurisdictional facts"); *Le v. Cal. Nurses Ass'n*, 2006 WL 1685951, at *2 (E.D. Cal. June 16, 2006) (observing that plaintiff provided a declaration on the issue of standing, and "if [defendant] considers that the declaration is inadequate, it may take her deposition, limited to the question of standing, and may make a further motion to dismiss some or all of her claims for lack of standing"); *Barberi v. Kerala Corp.*, 2020 WL 8366166, at *5 (S.D. Fla. Dec. 31, 2020) (allowing depositions in a factual challenge to standing); *Lopez v. Cher Koon Teo*, 2010 WL 11515370, at *4 (C.D. Cal. Feb. 24, 2010) (same).

Plaintiffs amended their complaint in response to INNEX California, Inc.'s motion to dismiss, submitting standing declarations they claimed rendered the motion moot. Dkts. 58-59. The Court permitted the amendment, finding "credible allegations of respiratory distress as well as harm to the recreational and aesthetic interests" causally linked to BLM's approval of the APDs. Dkt. 70 at 4, 12-13; Dkt. 73.

But Federal Defendants have valid concerns regarding the factual accuracy and sufficiency of Plaintiffs' declarations presented for the purpose of establishing federal jurisdiction. For instance, Plaintiffs' declarants attempt to demonstrate a connection to the permits, which are on *private surface lands* in long-established oilfields, by citing their interest in public lands several miles away. *See, e.g.*, Dkt. 71-2 at 7-10; Dkt. 71-3 at 2-3. Additionally, Plaintiffs' declarants attribute harm to existing oil and gas development in the area, or to unrelated phenomena such as "urban sprawl," rather than to effects from the permits challenged in this case. *See* Dkt. 71-2 at 11, Dkt. 71-3 at 3. Moreover, Plaintiffs assert, without factual support and contrary to BLM's express findings, that air pollutants stemming from the challenged permits will "exacerbate" aggregate air pollution levels. *See* Dkt. 71-2 at 6, Dkt. 71-6 at 4, Dkt. 71-7 at 3.

These disputed assertions, among others, necessitate discovery, as they are critical to resolving the issue of standing should the Court deny the Rule 12 motion. *See, e.g.*, *Estate of Risher v. City of L.A.*, 2019 WL 4452964, at *1 (C.D. Cal. July 16, 2019) (upholding right of defendant to take depositions for "the limited purpose of conducting discovery on issues related to standing"). For these reasons, if the Rule 12 motion is denied, the Court should permit jurisdictional discovery.

Respectfully submitted,

/s/ Michelle Ghafar
MICHELLE GHAFAR (CA Bar No. 315842)
mghafar@earthjustice.org
Earthjustice
180 Steuart Street, #194330
San Francisco, CA 94105
Tel: (415) 217-2100 / Fax: (415) 217-2040

ELIZABETH B. FORSYTH (CA Bar No. 288311)
eforsyth@earthjustice.org
Earthjustice
810 Third Avenue, Suite 610
Seattle, WA 98104
Tel: (206) 531-0841 / Fax: (206) 343-1526

ANDRIA SO (CA Bar No. 341595)
aso@earthjustice.org
Earthjustice
707 Wilshire Boulevard, Suite 4300
Los Angeles, CA 90017
Tel: (415) 217-2000 / Fax: (415) 217-2040

*Counsel for Plaintiffs*


ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

*/s/ Alex J. Hardee*
ALEX J. HARDEE
LUCY BROWN
Environmental Defense Section
DUSTIN WEISMAN
Natural Resources Section

*Counsel for Federal Defendants*